

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. H. Neel
County Attorney
Ward County
Monahans, Texas

Dear Sir:

Opinion No.0-3257
Re: H. B. 229, Acts of the 47th
Legislature, is unconstitu-
tional, and related matter.

Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

"I would appreciate an opinion from your de-
partment as to the constitutionality of House Bill
No. 229, Acts of the 47th Legislature general and
special laws, page 89. I quote section 1 of said
bill.

"In all counties in this State hav-
ing a population of not less than six
thousand, one hundred (6,100) and not
more than six thousand, one hundred and
eighty (6,180), and in all counties hav-
ing a population of not less than nine
thousand, four hundred (9,400) and not
more than nine thousand, six hundred
(9,600), according to the last preceding
Federal Census, the Commissioners Court
in such counties is hereby authorized to
allow each Commissioner and County Judge
the sum of Fifty Dollars ($50) per month
for traveling expenses when traveling in
the discharge of his official duties.

"Reference made to section 56, article 3 of the
constitution of Texas to this extent; the legislature

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

shall not except as otherwise provided in this constitution pass any law or special law authorizing the regulating of county affairs, cities, towns, wards, or school districts, and in all other cases where general law can be made applicable, no local or special law shall be enacted. I also refer to the case of Miller et al VS El Paso County, 150 SW (2), page 1,000, 97 SW (2), page 467. Proposition two, would the commissioners and county judge be liable to the county for sums paid them under this bill? I refer you to Kitchens et al VS Roberts 24 SW (2), page 464, also 251 SW, page 569; 263 SW, page 562, 2 SW (2), page 433.

". . . ."

Winkler County, Texas, according to the 1940 Federal Census, has 6,141 inhabitants, and is the only county in Texas coming within the population brackets of not less than 6,130 and not more than 6,180 inhabitants as set out in the above quoted section of H. B. 229. Ward County, Texas, with a population of 9,575 inhabitants according to the 1940 Federal Census, is the only county in Texas coming within the population brackets of not less than 9,400 and not more than 9,600 inhabitants as set out in the above quoted section of H. B. 229.

The case of Jameson v. Smith, 161 S. W. (2) 520, held a similar "bracket law" allowing the county commissioners of Coleman County, Texas, certain traveling expenses on official business generally and on business in connection with overseeing county roads, to be void and unconstitutional.

The above quoted section is also clearly unconstitutional. See Jameson v. Smith, 161 S. W. (2) 520, Miller et al. v. El Paso County, 150 S. W. (2) 1000, and authorities cited in said cases.

Your second question is answered by opinion No. O-4715 of this department, a copy of which is enclosed herewith.

APPROVED MAR 4, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Wm. J. Fanning
Assistant

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN

WJF:mp
Encl.